FILED
United States Court of Appeals
Tenth Circuit

July 17, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

ALVIN PARKER,

      Petitioner - Appellant,

v.

JANET DOWLING, Warden,

      Respondents - Appellees.

No. 17-5107
(D.C. No. 4:17-CV-00134-JED-FHM)
(N.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

Petitioner Alvin Parker seeks a certificate of appealability to appeal the district court's denial of his § 2241 habeas corpus petition.

In 1990, Petitioner was convicted of second-degree murder and sentenced to 199 years of imprisonment. Since then, he has filed numerous post-conviction motions in both the federal and state courts. In 2016, he filed a motion for an order *nunc pro tunc* in the state court, arguing that his sentence exceeds the maximum allowed by law and that he has discharged his sentence. Specifically,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he argued that a sentence of 199 years is essentially a life sentence, a life sentence was defined by the legislature in 1997 to be between 18 to 60 years, and thus he has completed his 199-year sentence already. He alleges that the state court refused to file or rule on this motion.

Petitioner then filed the instant § 2241 motion, raising two claims for relief: (1) the state court's refusal to rule on his motion for an order *nunc pro tunc* denied him his constitutional right of access to the courts, and (2) he was denied his right to equal protection because a white prisoner received post-conviction relief, but when Petitioner submitted the identical application, with just the name changed, he did not receive relief. The district court held that neither of these claims stated a cognizable claim for habeas relief, since they were premised on the post-conviction proceedings, not the underlying conviction. The court also held that even if these claims were cognizable in habeas, Petitioner had not demonstrated that he was entitled to relief on the merits of either claim.

Petitioner seeks a certificate of appealability as to both of these claims. He also argues that the district court erred in failing to address an argument he raised in his briefing, although not in his habeas petition, regarding the underlying merits of the sentencing argument he raised in the state post-conviction motion.

We have thoroughly reviewed Petitioner's brief, the record on appeal, and the relevant cases. We are persuaded that reasonable jurists would not debate the correctness of the district court's decision. *See Slack v. McDaniel*, 529 U.S. 473,

484 (2000). The district court correctly explained why Petitioner was not entitled to relief on either of the claims raised in his habeas petition. As for the third claim that Petitioner argues the district court should have read into his habeas petition, even assuming for sake of argument that the district court should have addressed this alleged claim, we are not persuaded that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge